**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6452

ALBERT SHAW NELSON,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Cameron McGowan Currie, District Judge. (CA-99-4168-CMC)

Submitted: September 26, 2005      Decided: October 18, 2005

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

William Murray Norris, WILLIAM M. NORRIS, PA, Miami, Florida, for Appellant. Marvin Jennings Caughman, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Albert Shaw Nelson seeks to appeal the district court's order denying his motion under Fed. R. Civ. P. 60. The order, which derives from the denial of a motion under 28 U.S.C. § 2255 (2000), is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

We have independently reviewed the record and conclude that Nelson has not made the requisite showing. Because Nelson's Rule 60(b) motion did not assert a defect in the original collateral review process itself, but rather reargued the merits of his same claims, reasonable jurists would not find debatable or wrong the district court's characterization of the Rule 60(b) motion as a successive § 2255 motion under our decision in United

States v. Winestock, 340 F.3d 200, 207 (4th Cir.), cert. denied, 540 U.S. 995 (2003).

Accordingly, we deny Nelson's motion for a certificate of appealability and dismiss the appeal. To the extent that Nelson's notice of appeal and informal brief could be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization. See id. at 208; 28 U.S.C. § 2244(b) (2000).

Finally, we grant Nelson's motion to accept his informal brief in lieu of counsel's brief, and deny his petition for appeal bond. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED